IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-428-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GERALD TIMMS, | ) | |
| Defendant. | ) | |

This matter is before the court on pro se defendant's motion for speedy trial and trial by jury (DE 16), motion for transport (DE 17), motion to be released from special housing unit (DE 18), motion to clarify distinction between civil detention and criminal incarceration (DE 19), motion to sequester subpoenaed witnesses (DE 20), motion to dismiss indictment (DE 21), and motion for issuance of subpoenas (DE 22).

The court begins with defendant's motion for speedy trial and jury trial. The Speedy Trial Act generally requires a trial to begin within 70 days of filing of an information or indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act excludes from the 70-day limit any time in which pretrial motions are pending. See 18 U.S.C. § 3161(h)(1)(F); United States v. Osteen, 254 F.3d 521, 525 (4th Cir. 2001). Where defendant filed pretrial motions December 12, 2019, his Speedy Trial Act clock will not expire before his jury trial date of February 18, 2020. Accordingly, defendant's motion for speedy trial and jury trial (DE 16) is DENIED AS MOOT.

Turning to defendant's motion for transport, defendant seeks to return to the Federal Correctional Institution in Butner, North Carolina ("Butner"), where he was housed for purposes of civil commitment, lamenting the conditions of his current pretrial detention with convicted inmates. In support, defendant asserts that he is supposed to have only incidental contact with convicted persons because he has been civilly committed pursuant to 18 U.S.C. § 4248. However, defendant has been charged in a criminal indictment, and defendant waived his right to a pretrial detention hearing, (see DE 7), so his current detention is proper while he awaits trial on criminal charges. Accordingly, defendant's motion for transport (DE 17) is DENIED. Likewise, where defendant is not currently housed at Butner, his motion to be released from special housing unit at Butner (DE 18) is DENIED AS MOOT.

The court next considers defendant's motion to clarify distinction of civil detention and criminal incarceration. In the instant motion, defendant seeks termination of his civil commitment upon conviction of the crimes charged in his indictment. Where defendant's criminal trial has not yet occurred, the court DENIES defendant's motion (DE 19) as unripe.

Addressing defendant's motion to sequester witnesses, the court GRANTS the instant motion (DE 20) pursuant to Federal Rule of Evidence 615. All trial witnesses shall be sequestered, and the parties are prohibited from revealing the substance of the trial testimony to any person who may be called as a witness at trial, save the case agent.

The court next addresses defendant's motion to dismiss indictment. Defendant seeks dismissal on grounds that the United States Bureau of Prisons ("BOP") violated BOP Program Statement 5270.09 ("Program Statement") during the investigation of the crime charged in his indictment. The Program Statement provides in pertinent part:

> When it appears likely that the incident may involve criminal prosecution, the investigating officer suspends the investigation. Staff may not question the inmate

> until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day.

BOP Program Statement 5270.09 § 541.5(b).

Defendant claims the BOP violated this Program Statement by "wait[ing] until after the administrative processing before submitting the [incident] report to the U. S. Attorney's Office." (Def. Mot. (DE 20) at 3).[1] However, the Program Statement contains no mention of when the BOP should submit an incident report the United States Attorneys' Office. Therefore, defendant fails to establish the BOP violated the Program Statement.

As an additional ground for dismissal of the indictment, defendant argues he should not be charged with possession of a weapon by an inmate, since he did not intend to use the contraband as a weapon. This issue is reserved for the factfinder at trial, and "a court may not dismiss an indictment . . . on a determination of facts that should [be] developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). Accordingly, defendant's motion to dismiss indictment (DE 21) is DENIED.[2]

Finally, turning to defendant's motion for issuance of subpoenas, defendant requests trial subpoenas for nine BOP staff members, two inmates incarcerated at Butner, and physical evidence including: 1) "camouflaged replica truck with trailer and replica bull dozer," 2) "red and white roadster with white removable top," 3) "black replica racing bike with skulls and wheelie wheels,"

---

[1] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

[2] Defendant also seeks dismissal of his indictment on the ground that it charges him with possession of a weapon by an inmate, and he is not an "inmate." However, this argument was rejected by the court and affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Timms, 685 Fed. App'x 285 (4th Cir. 2017).

and 4) "black and gold replica Harley Davidson with stand" (collectively "the physical evidence").[3] (Def. Mot. (DE 22) at 2).

As relevant here, Federal Rule of Criminal Procedure 17(b) provides "the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Moreover, Federal Rule of Criminal Procedure 17(c)(1) indicates "a subpoena may order the witness to produce any . . . objects the subpoena designates." Finally, because the BOP staff members are Department of Justice employees, federal regulations impose additional requirements on a party, such as defendant, who is seeking their testimony. See 28 C.F.R. § 16.21 ("This subpart sets forth procedures that must be followed with respect to production or disclosure of any . . . information acquired by any person while such person was an employee of the Department [of Justice]."); 28 C.F.R. § 16.23(c) ("If oral testimony is sought by a demand in a case in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.").

Considering the import of the above rules and regulations, defendant's motion for issuance of subpoenas suffers numerous deficiencies. First, he has not made the requisite showing that 1) the named witnesses are necessary to present an adequate defense and 2) he is unable to pay their fees. Likewise, regarding the physical evidence, defendant has not identified who he seeks to subpoena to produce these items. Finally, according to the government, defendant has not

---

[3] Although defendant does not indicate who has possession of the physical evidence, he states that it is "the physical property of the Defendant and is the main issue to Defendant's defense" suggesting that the physical evidence is the weapon he allegedly possessed. See (Def. Reply (DE 25) at 6).

4

provided it with the required summary of testimony sought from BOP employees. For all these reasons, this motion is DENIED. (DE 21).

## CONCLUSION

Based on the foregoing, the court orders the following:

1) Defendant's motion for speedy trial and trial by jury (DE 16) and motion to be released from special housing unit (DE 18) are DENIED AS MOOT.

2) Defendant's motion to clarify distinction between civil detention and criminal incarceration (DE 19) is DENIED AS UNRIPE.

3) Defendant's motion to dismiss indictment (DE 21), motion for issuance of subpoenas (DE 22), and motion for transport (DE 17) are DENIED.

4) Defendant's motion to sequester subpoenaed witnesses (DE 20) is GRANTED.

SO ORDERED, this the 17th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge