IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-428-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| GERALD TIMMS, ) | |
| Defendant. ) | |

This matter is before the court on two motions filed by pro se defendant. (DE 55, 56). The government responded in opposition, and in this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motions are denied.

## BACKGROUND

On October 17, 2019, defendant was indicted for two counts of knowingly possessing a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2). Thereafter, defendant filed motion for hearing to proceed pro se. At hearing, United States Magistrate Judge Robert T. Numbers, II, found defendant's request to be knowing, intelligent, and voluntarily, and granted his motion to proceed pro se.

That same day, defendant filed various pretrial motions, including "motion to clarify distinction of civil detention and criminal incarceration constitutional and due process purposes," wherein he sought termination of his civil commitment upon conviction of the crimes charged in his indictment. As defendant's trial had not commenced, the court denied defendant's motion as

unripe. On February 11, 2020, defendant filed "renewed motion to determine whether defendant is a mental health patient or a prisoner/inmate," which the court denied again.

On February 18, 2020, a jury convicted defendant on both counts charged in his indictment. On March 27, 2020, defendant filed the instant motion "for court to order warden to transfer defendant's personal property to FCI Butner 2." (DE 55). Then, on March 30, 2020, defendant filed the instant motion labeled "renewed motion to clarify distinction of civil detention and criminal incarceration constitutional and due process purposes." (DE 56). The government responded in opposition to both motions.

## COURT'S DISCUSSION

A.  Motion for Return of Personal Property

In the instant motion, defendant seeks the return of certain personal property including "legal documents, active cases and intended exhibits (model cars)." (Def. Mot. (DE 55) ¶ 3). According to defendant, he possessed these items while housed at Federal Correctional Institution Butner Medium I ("FCI-I"); however, upon his transfer to Federal Correctional Institution Butner Medium II ("FCI-II"), the items were confiscated and not returned.

In response, the government indicates that on March 27, 2020, Federal Bureau of Prisons ("BOP") staff provided defendant with all property he is allowed to possess at FCI-II, in accordance with BOP Program Statement 5580.08, Inmate Personal Property. Defendant was allowed to mail any property prohibited by BOP policy to his home address. In addition, on April 3, 2020, BOP staff provided defendant with all of his allowable legal materials. Accordingly, where defendant has received all allowable personal property, defendant's motion is denied.

B.  Motion for Clarification

Defendant argues that his civil commitment pursuant to 18 U.S.C. § 4248 cannot "run simultaneously" with a period of criminal incarceration. (Def. Mot. (DE 56) at 2).[1] Thus, defendant argues, his criminal conviction under 18 U.S.C 1791(a)(2) on February 18, 2020, warrants dismissal of his civil commitment. In essence, defendant recycles arguments previously raised, which the court rejected on November 17, 2017 (in case number 5:08-HC-2156-BO).

As the court previously noted, a person who has been civilly committed under 18 U.S.C. § 4248 may be discharged from such commitment <u>only</u> by court order finding by a preponderance of the evidence that the person will not be sexually dangerous to others if released unconditionally or if released under a prescribed regimen. 18 U.S.C. § 4248(e). To commence discharge proceedings, the director of the facility in which the person is placed may file a certificate indicating that the person is no longer sexually dangerous. <u>Id.</u> Alternatively, motion for a discharge hearing may be filed by counsel or the committed person's legal guardian. <u>Id.</u> at 4247(h). Finally, nothing in section 4248 precludes a committed person from establishing by writ of habeas corpus the illegality of his detention. <u>Id.</u> at 4247(g).

Here, none of the above conditions have been satisfied. The director of defendant's facility has not certified that he is no longer sexually dangerous, nor has the court determined, upon motion by counsel or defendant's legal guardian, that he is no longer sexually dangerous. Lastly, defendant has not been granted a writ of habeas corpus. Therefore, the court finds no basis to discharge defendant from civil commitment, and defendant's renewed motion for clarification must be denied.

---

[1] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

**CONCLUSION**

Based on the foregoing, defendant's motions (DE 55, 56) are DENIED.

SO ORDERED, this the 8th day of April, 2020.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge