IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-428-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| GERALD TIMMS, ) | |
| Defendant. ) | |

This matter is before the court on two motions filed by pro se defendant. (DE 62, 63). The government did not respond, and the time for response has passed. In this posture, the issues raised are ripe for ruling.

**BACKGROUND**

On October 17, 2019, defendant was indicted for two counts of knowingly possessing a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2). Thereafter, defendant filed motion for hearing to proceed pro se. At hearing, United States Magistrate Judge Robert T. Numbers, II, granted defendant's motion to proceed pro se and appointed attorney Richard Croutharmel ("attorney Croutharmel") as standby counsel. On February 18, 2020, a jury convicted defendant on both counts charged in his indictment. Defendant's sentencing is scheduled for the June 8, 2020, term of court.

On April 30, 2020, defendant filed the instant motions "for court to order FCI2 to allow necessary telephonic contact with standby and 4248 counsel" (DE 62) and "for reconsideration of [the court's prior orders]." (DE 63). The government did not respond to defendant's motions.

1

## COURT'S DISCUSSION

Defendant indicates that he is currently housed in the Special Housing Unit ("SHU") at the Federal Correctional Institution in Butner, North Carolina, ("FCI Butner"), where his access to attorney Croutharmel is limited to one phone call every 30 days. In addition, according to defendant, attorney Croutharmel is prohibited from visiting defendant at FCI Butner due to threat posed by the communicable disease known as COVID-19. As such, defendant seeks additional telephone access to consult attorney Croutharmel in preparation for his upcoming sentencing.[1]

While the court is mindful of defendant's reasonable need to consult with standby counsel, the record reflects that attorney Croutharmel in fact received a telephone call recently from defendant, on May 14, 2020. (See Notice (DE 64) ¶ 9). In light of this recent call, and without benefit of response from the government, the court requires additional information before ruling on defendant's motion.

Accordingly, the court HOLDS IN ABEYANCE defendant's motion (DE 62). The court DIRECTS attorney Croutharmel to file response within **seven days** of the date of this order, indicating 1) the frequency of standby counsel's telecommunication with defendant and 2) the amount of telecommunication time going forward deemed reasonably necessary for defendant effectively to prepare for defendant's sentencing. Likewise, the court DIRECTS the government to file response within **seven days** of the date of this order, providing 1) the status of defendant's telephone access to standby counsel, and if limited, 2) SHOW CAUSE why such access should not be increased. With benefit of these views the court will take up and decide the issue presented.

---

[1] Where defendant seeks access to attorney William Webb regarding defendant's civil commitment under 18 U.S.C. § 4248, he shall file such request in case No. 5:08-HC-2156-BO, his case of original commitment, not this criminal case.

Finally, for reasons stated in the court's April 8, 2020, order, defendant's motion for reconsideration (DE 63) is DENIED.

SO ORDERED, this the 18th day of May, 2020.

                                                                  LOUISE W. FLANAGAN
                                                                  United States District Judge